IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HY CITE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>REGAL WARE, INC. and<br>SALADMASTER, INC.<br><br>    Defendants. | Case No. 10-CV-168<br><br>**JURY TRIAL DEMANDED** |

**MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Plaintiff, Hy Cite Corporation, by his undersigned counsel, respectfully moves for leave to file the attached Amended Complaint, as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. Hy Cite filed its Complaint in this matter on March 29, 2010.

2. Regal Ware did not answer the Complaint, but filed Motions to Stay and Dismiss (Docket Numbers 7-8) on April 20, 2010.

3. Regal Ware's Motion to Dismiss alleges, in part, that the Complaint is deficient as SaladMaster, a subsidiary of Regal Ware, has been dissolved. Hy Cite's claims against SaladMaster still exist, but are properly stated against the parent company, Regal Ware.

4. In addition, Regal Ware has raised issues regarding alleged deficiencies in the Complaint. While Hy Cite contests Regal Ware's arguments (*see* Hy Cite's Opposition to Motion to Dismiss), the proposed Amended Complaint is intended to address all of Regal Ware's arguments relating to any alleged deficient pleading.

5. Attached hereto as Exhibit A is Plaintiff's First Amended Complaint. Attached hereto as Exhibit B is a redline copy showing the changes made to the original Complaint. Attached hereto as Exhibit C are the exhibits identified in Plaintiff's First Amended Complaint.

## BRIEF LEGAL BASIS FOR MOTION

6. Motions for leave to amend are liberally granted absent the opposition's showing of undue delay, prejudice, bad faith, or futility, and courts are generally liberal in granting leave to amend under Fed. R. Civ. P. 15(a) and 13(f). *See, e.g.*, *Saes Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086-87 (C.D. Cal. 2002) (opposing party's burden also requires showing undue delay, as well as bad faith, undue prejudice, and futility).

7. As the Supreme Court opined in *Foman v. Davis*, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc.*—the leave sought should, as the rules require, be 'freely given.'" 371 U.S. 178, 182 (1962). "The underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotations omitted).

8. Hy Cite meets these standards for several reasons. First, Hy Cite has not engaged in undue delay, bad faith or other dilatory conduct. It filed what it thought to be, and still thinks to be, a sufficiently pled complaint on March 29, 2010. (*See* Hy Cite's

Opposition to Motion to Dismiss, filed concurrently with this Motion to Amend.)  As this case is still in its initial stages, Hy Cite has certainly not delayed, unreasonably or otherwise, any aspect of this case.  *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (denying leave to amend because the trial date was "fast-approaching").  Indeed, the Court has not yet scheduled this case or set any deadlines for pleading amendments.

9. Second, this is Hy Cite's first proposed amendment.  Thus, it has not repeatedly failed to cure deficiencies.

10. Third, Regal Ware will not suffer any prejudice if Hy Cite is allowed to amend its complaint.  The burden to establish prejudice is on the non-movant who must show "that it will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it could have offered had the amendment been timely."  *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1217 (E.D. Wis. 1993).  Typically, prejudice arises once a proposed amendment either changes the character of the action, adds new counts or new parties, or requires additional discovery.  *Id.* at 1217-18.  Here, as shown in Hy Cite's Amended Complaint, the proposed amendments neither add new parties or causes of action, but merely concern certain factual allegations.  Indeed, at Regal Ware's insistence, Hy Cite is agreeing to drop a party, SaladMaster, from the lawsuit.  Since this case is in its early stages and discovery has not yet opened, Regal Ware will have sufficient time for discovery and to present evidence at trial to rebut allegations against it.

11. Finally, the proposed amendments to the Complaint simply address a change in the corporate status of a defendant and conform to the evidence Hy Cite

presents in its Opposition to Regal Ware's Motion to Dismiss. In its Opposition, Hy Cite proffered specific evidence to refute Regal Ware's allegations that Hy Cite does not have standing and has failed to plead the causes of action in suit. This evidence comprises the new amendments to the complaint. Therefore, as the proposed amendments sufficiently plead standing and the supporting causes of action, they are not futile.

**WHEREFORE**, for all the reasons set forth above, Plaintiff respectfully requests that this Court enter an Order granting Plaintiff leave to file its Amended Complaint.

Respectfully submitted,

Dated: May 11, 2010.          **MICHAEL BEST & FRIEDRICH LLP**

By:   s/ John C. Scheller
John C. Scheller, SBN 1031247
Amy O. Bruchs, SBN 1021530
One South Pinckney Street
Suite 700
Madison, WI 53703
Telephone: (608) 257-3501
Fax: (608) 283-2275
Email: jcscheller@michaelbest.com
      aobruchs@michaelbest.com

*Attorneys for Plaintiff Hy Cite Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2010, I caused true and correct copies of MOTION FOR LEAVE TO FILE AMENDED COMPLAINT to be served on the following via the ECF System:

Daniel R. Johnson
John M. Manion
RYAN KROMHOLZ & MANION, S.C.
P.O. Box 26618
Milwaukee, WI 53226-0618

*Attorneys for Defendants Regal Ware, Inc. and SaladMaster, Inc.*

    /s/John C. Scheller
John C. Scheller