IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HY CITE CORPORATION,

                    Plaintiff,                      OPINION AND ORDER

v.

                                                                10-cv-168-wmc

REGAL WARE, INC. and
SALADMASTER, INC.,

                    Defendants.

---

This civil action stems from plaintiff's allegation that defendant Regal Ware, Inc. has violated 35 U.S.C. § 292(a) by falsely marking its round-based salad cutters as being covered by Regal Ware's United States Design Patent Number D545,774s (the '774 patent), which allegedly covers only tripod-based salad cutters. Defendants[1] have moved to stay this case pending decisions by the Federal Circuit in the appeals of *Stauffer v. Brooks Bros.*, 615 F. Supp. 2d 248 (S.D.N.Y. 2009), and *Pequignot v. Solo Cup Co.*, 646 F. Supp. 2d 790 (E.D. Va. 2009), as well as by the district court in *Brule Research Assoc. Team, L.L.C. v. A.O. Smith Corp.*, Case No. 08-C-1116 (E.D. Wis. 2009) (Clevert, J.), which has been administratively closed. Because defendants have not persuaded the court that their circumstances justify a stay, their motion will be denied.

District courts' inherent power to control their own docket provides them with broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). This discretion is not, however, without bounds. *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413,

---

[1] Defendant Saladmaster, Inc. has filed a motion to dismiss the complaint because it is a dissolved corporation that cannot be sued. It, nonetheless, joins defendant Regal Ware Inc.'s motion to stay.

1416 (Fed. Cir. 1997). A district court abuses its discretion when the stay is "immoderate or indefinite." *Id.* (citations omitted). For example, the Supreme Court has explained that a court would abuse this discretion by issuing "a stay of indefinite duration in the absence of pressing need." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936).

The party seeking the stay carries the burden of establishing its necessity. *Clinton*, 520 U.S. at 708. "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 129 S. Ct. 1749, 1760 (2009) (quotation omitted). District courts, including this court, often consider the following factors in determining whether to issue a stay: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 2010 WL 768971, at *3 (W.D. Wis. Mar. 4, 2010) (Crabb, J.) (Citations omitted).

There is no question that this litigation, having begun on March 29, 2010, is in the early stages. That factor, however, is the only one that favors a stay. Although defendants contend that plaintiff will not be prejudiced by a "short stay" pending decisions in *Stauffer*, *Pequignot* or *Brule Research*, they do not and cannot know how long the stay would need to be in place because there are no set dates for decisions in any of those three cases.

Regardless of when a decision would be reached in *Brule Research*, defendants provide no persuasive reason as to why this court should wait for a decision by a fellow district court on the constitutionality of 35 U.S.C. § 292(b). Any decision in *Brule Research* would be merely persuasive, as opposed to a binding precedent, in deciding that constitutional issue

2

and this court has a duty to the parties in suit to decide issues properly before it in a timely manner. *See* Fed. R. Civ. P. 1. Waiting for another district court to rule on a shared issue involving different parties would be a dereliction of that duty.

As far as when the appeals in *Stauffer* and *Pequignot* will be issued, no one can know. *See, e.g., Nken*, 129 S. Ct. at 1754 ("It takes time to decide a case on appeal. Sometimes a little; sometimes a lot."). Defendants estimate that the Federal Circuit is *likely* to issue a decision on the appeal in *Stauffer* before the end of 2010. Defs' Br., dkt. #8, at 7. The appeal, however, is only now being briefed and no date has been assigned for oral argument. Not surprisingly, defendants' vague prediction is, therefore, far from a comforting projection for plaintiff; nor is it sufficient for this court. Instead, it creates an indefinite time period for the stay.

Even if defendants' vague estimate is correct, plaintiff would be forced to wait somewhere around nine months from filing simply to begin this case, a wait as long as some cases take to be tried in this court.

Then there is the real possibility that a final decision on the constitutional issue in *Stauffer* will not be reached for much longer than nine months. If the issue in *Stauffer* -- which defendants state is whether a private party has Article III standing to bring a false patent marking action under 35 U.S.C. § 292(b) despite suffering no cognizable injury to itself -- is novel as defendants assert, then it may be appealed beyond the Federal Circuit to the Supreme Court, leaving a final decision on the constitutional issue in *Stauffer* years in the future. There is also always the off chance that the Federal Circuit runs into some procedural hurdle in *Stauffer* that prevents it from reaching the merits, leaving the plaintiff Hy Cite

Corporation with arguable rights sitting in limbo for an indefinite period of time. *See, e.g.*, *Nken*, 129 S. Ct. at 1754 ("A stay does not make time stand still . . . ."). Indeed, since Hy Cite claims to be a direct competitor, there is also the possibility that a late-assertion of actual damages will render the issue in *Stauffer* a moot point here. Specifically, plaintiff alleges that it was in the business of selling salad cutters and defendants' false marking deterred companies from purchasing round-based salad cutters not manufactured by defendants for fear of being prosecuted for patent infringement. Even defendants argue only that any decision in this case *could be* guided by a Federal Circuit decision on the *Stauffer* appeal. Defs' Br., dkt. #8, at 7.

Similarly, while defendants claim the appeal in *Pequignot* raises issues regarding some relevant standards used in deciding false markings cases, they fail to explain why a decision on those standards justifies a stay in this case. When dispositive motions are addressed such standards may be important, but by then a decision in *Pequignot* may have issued. If so, then this court will obviously consider its possible relevance. If not, then this will have justified not waiting. Regardless, there is no justifiable reason to stay this case indefinitely to await a decision in *Pequignot*. Such uncertainty regarding whether a decision in the other cases will actually simplify the issues in this case weighs against staying the case.

Defendants contend that they will be "harshly prejudiced" if no stay is granted because they will be forced to engage in costly discovery and motion practice that *might not* be necessary depending on the outcomes in *Stauffer*, *Pequignot* and *Brule Research*. Defs' Br., dkt. #8, at 8. Besides the contingent nature of this assertion, there is no assurance that defendants will not have to engage in discovery and motion practice regardless of how those

4

cases are resolved. Most cases, even those turning principally on discrete issues of law, are dependent on their facts, leaving the distinct possibility that a party can distinguish otherwise controlling decisions based on factual differences. Defendant has not provided any discussion of why the facts in this case match-up so closely with those in *Stauffer*, *Pequignot* or *Brule Research*, to discount this possibility in this case. Accordingly, there is no basis to conclude on this record that party and court resources would not need to be expended in deciding the claims before the court however these other cases are decided.

Finally, the fact that the parties in *Stauffer*, *Pequignot*, or *Brule Research* are not the same as the parties in this case means that a stay would necessarily prejudice plaintiff. Plaintiff contends that the circumstances surrounding its case are different than those cases awaiting decisions and defendants have not shown otherwise. The Supreme Court has explained that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Defendants simply have not provided a sufficient basis to find such circumstances here.

ORDER

IT IS ORDERED that defendants' motion to stay (dkt. #8) is DENIED.

Entered this 19th day of May, 2010.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

5