IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| HY CITE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number 10-cv-00168 |
| | ) | |
| REGAL WARE, INC., and | ) | |
| SALADMASTER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR CERTIFICATION AND LEAVE TO INTERVENE
## BY UNITED STATES OF AMERICA

The United States of America, by its attorneys, Stephen P. Sinnott,

United States Attorney for the Western District of Wisconsin, and Megan McDermott,

Assistant United States Attorney for said District, moves for an order certifying a

constitutional question to the Attorney General and for leave to intervene in this matter

pursuant to Fed. R. Civ. P. 5.1.

On March 29, 2010, Plaintiff Hy Cite Corporation ("Hy Cite") filed a

Complaint alleging among other things that Defendants had violated the False Marking

Statute, 35 U.S.C. § 292. Dkt. 1.  Subsection 292(b) authorizes "any person" to file a *qui*

*tam* civil action for violating the statute, with damages to be divided equally between

the United States and the plaintiff.

On April 20, 2010, Defendants Regal Ware, Inc., and SaladMaster, Inc.

(collectively "Defendants"), filed a motion to dismiss the complaint pursuant to Fed. R.

Civ. P. 12(b)(6).  Dkt. 7.  Among other things, Defendants argue that Hy Cite cannot

pursue a claim for a violation of the False Marking Statute, 35 U.S.C. § 292, because the

statute does not contain an adequate mechanism for government oversight and control

of the litigation in violation of the Appointments Clause and Take Care clause of Article

II.  Defendants also argue that Hy Cite lacks Article III standing to bring its claims.

Rule 5.1(a) of the Federal Rules of Civil Procedure requires Defendants to file

a notice of constitutional question and serve it on the Attorney General.  Defendants

filed this notice on April 20, 2010.  Dkt. 11.  Under Fed. R. Civ. P. 5.1(b), the court then

must certify the constitutional challenge to the Attorney General pursuant to 28 U.S.C.

§ 2403.  These notice and certification provisions are essential to the public interest as

they give the Executive Branch time and opportunity to make its views known on the

constitutional challenge.  *See, e.g., Tonya K. ex rel. Diane K. v. Board of Educ. of Chicago*, 847

F.2d 1243, 1247 (7th Cir. 1988); *see also Oklahoma ex rel. Edmondson v. Pope*, 516 F.3d 1214,

1216 (10th Cir. 2008) (certification "ensures that the Executive Branch can make its

views on the constitutionality of federal statutes heard").  The Attorney General may

intervene within 60 days of notice or certification unless the court sets a different time.

Fed. R. Civ. P. 5.1(c).

For the foregoing reasons, the United States respectfully requests that the

Court certify the constitutional challenge pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C.

§ 2403; grant the United States' motion to intervene pursuant to Fed. R. Civ. P. 5.1(c);

and set a briefing schedule for the United States to file a substantive response to the

constitutional challenges to the statute raised by Defendants.

The United States notes that this issue involves three important constitutional provisions and, as a result, several components of the Department of Justice will be involved in reviewing any brief of the United States prior to filing.  Consequently, the United States will need more time for a briefing schedule than it would for more routine issues.  Thus, the United States asks that it be granted a time period of 60 days, up to and including August 20, 2010, in which to file a brief defending the constitutionality of section 292; that Plaintiff and Defendant be permitted to file responsive briefs (if any) by September 20, 2010; and that any reply brief by the United States be filed by October 20, 2010.

Undersigned counsel has contacted counsel for the parties regarding this proposed schedule.  Counsel for Plaintiff has no objection, and counsel for Defendant has not responded as of the time this motion is being filed.  However, the United States does not expect that this briefing schedule will delay or otherwise interfere with proceedings in this matter.  Although several preliminary motions are pending, including Defendants' motion to dismiss and Plaintiff's motion for leave to amend the complaint, discovery is expected to begin shortly, and a dispositive motion deadline is set for January 14, 2011.  The proposed briefing schedule will ensure that the constitutional challenge to section 292 is fully briefed at a relatively early stage in the case, well in advance of the dispositive motion deadline.

//

Dated this 21st day of June, 2010.

Respectfully submitted,

STEPHEN P. SINNOTT
United States Attorney

By:

*/s/ Megan McDermott*
_____
MEGAN McDERMOTT
Assistant United States Attorney
P.O. Box 1585
Madison, Wisconsin  53701-1585
(608) 264-5158
TTY (608) 264-5006