IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HY CITE CORPORATION,

      Plaintiff,

v.

REGAL WARE, INC., and
SALADMASTER, INC.,

      Defendants.

Case No. 10-CV-168

**JURY TRIAL DEMANDED**

**RESPONSE IN SUPPORT OF THE UNITED STATES' BRIEF DEFENDING THE CONSTITUTIONALITY OF 35 U.S.C. § 292**

## INTRODUCTION

On March 29, 2010, Hy Cite filed a Complaint alleging several acts of misconduct by Defendant Regal Ware including violation of the False Marking Statute, 35 U.S.C. § 292, pursuant to the statute's *qui tam* provision. (Dkt. 1.)  On April 20, 2010, Regal Ware moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1), arguing that Hy Cite lacks Article III standing to bring its claims under the Southern District of New York's holding in *Stauffer v. Brook Bros.*, 615 F. Supp. 2d 248 (S.D.N.Y. 2009).  (Dkt. 7 at 8-16.)  Regal Ware further urges that Section 292 is unconstitutional as applied to it because the False Marking Statute does not contain an adequate mechanism for government oversight and control of the litigation in violation of the Take Care Clause and Appointments Clause of Article II.  (Dkt. 7 at 16-20.)

On June 21, 2010, the United States exercised its right to intervene to defend the

constitutionality of Section 292.  On August 20, 2010, the Untied States filed its brief in defense of Section 292.  Hy Cite supports the facts and arguments set forth by the United States.

## ARGUMENT

**I.  *STAUFFER* IS DISPOSITIVE OF REGAL WARE'S ARTICLE III STANDING CLAIM.**

In its Motion to Dismiss, Regal Ware argues that Hy Cite, as a *qui tam* relator, lacks Article III standing for its false marking claim under Section 292.  (Dkt. 7 at 8-16)  The sole support for Regal Ware's position is the New York district court decision in *Stauffer v. Brooks Bros., Inc.,* 615 F. Supp. 2d 248 (S.D.N.Y. 2009).  On August 31, 2010, the Court of Appeals for the Federal Circuit reversed the New York district court's dismissal of the case.  The Federal Circuit held that a false patent marking plaintiff who does not allege injury in fact to himself nevertheless has standing to sue.  *Stauffer v. Brooks Bros.,* Case No. 08-CV-10369, *Slip Op.* at 8-14 (Fed. Cir. Aug. 31, 2010).  Accordingly, the Federal Circuit's decision in *Stauffer* is dispositive and binding on this Court.

In reaffirming the traditional notion for *qui tam* actions, the Federal Circuit held that "any person" has standing to bring a false patent marking action, irrespective of personal harm.  *Id.* at 8-9.  Relying upon the three prongs of (1) injury, (2) causal connection between injury and the defendant, and (3) redressability outlined by the Supreme Court in *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992), the Federal Circuit held that Stauffer's allegations met the requisite test for standing.  *Stauffer, Slip*

*Op.* at 9.  Significantly, the Federal Circuit swept aside defendant's allegations of insufficient pleading of injury, noting that "Stauffer's standing arises from his status as 'any person,' and he need not allege more for jurisdictional purposes." *Id.* at 13.

In doing so, the Federal Circuit carefully distinguished the *qui tam* provision of Section 292 from the citizen suit provision at issue in *Lujan v. Defenders of Wildlife.*  In addressing the lack of actual injury argument, the Federal Circuit relied upon *Vermont Agency of Natural Resources v. United States,* 529 U.S. 765 (2000) to hold that *qui tam* plaintiffs, who are assigned rights from the government, only have to show that the public is harmed by the defendant's conduct.  *Id.* at 9.  And, the requirement of public harm is met because "Congress has, by enacting section 292 decision defined an injury in fact to the United States.  In other words, a violation of that statute <u>inherently</u> constitutes an injury to the United States." *Id.* at 9 (emphasis added).  Thus, because the government would have standing to enforce its own law, Stauffer, as the government's assignee, also has standing to enforce Section 292.  *Id.*  Therefore, a *qui tam* plaintiff under Section 292 need only allege that the United States has suffered an injury in fact causally connected to defendant's conduct that is likely to be redressed by the court.  *Id.*

Finally the Federal Circuit in *Stauffer* also rejected the lower court's reliance upon *Vermont Agency* as limiting assignability in a *qui tam* context to situations in which the injury to the United States is proprietary, noting that "Stauffer's standing as the United States' assignee does not depend upon the alleged injury to the United States being proprietary, as opposed to sovereign." *Id.* at 10.  While the Court expressed no view on whether Section 292 addresses a proprietary or a sovereign injury of the United States,

it went on to say that for purposes of this decision, the distinction was irrelevant. In *Vermont Agency,* the Supreme Court found both sovereign and proprietary injury "to be sufficient to confer standing on the government and therefore the relator," leading the Federal Circuit to determine the same to be true under Section 292. *Id.*

Accordingly, *Stauffer* is dispositive as to Regal Ware's Motion to Dismiss for lack of standing and requires denial of Regal Ware's Motion. Here, Hy Cite has sufficiently alleged injury to the United States, causally connected to Regal Ware's conduct that is likely to be addressed by the Court. (Compl. ¶¶ 40, 42 ("Regal Ware's marking of its round-based salad cutters with the '774 Tripod-Based Patent has wrongfully suppressed competition … thereby causing harm to the United States in an amount which cannot be readily determined;" "For at least the reasons provided herein, marking the '774 Tripod-Based Patent on the round-based salad cutter contributes to causing harm to the Plaintiff, the United States and the general public.")) Therefore, as "any person" to whom the United States has assigned its inherent injury, Hy Cite has established standing as a *qui tam* relator.[1]  Thus, this Court should reject Regal Ware's argument that Hy Cite lacks Article III standing.

**II.     THE QUI TAM MECHANISM OF SECTION 292 DOES NOT VIOLATE CONSTITUTIONAL SEPARATION OF POWERS PRINCIPLES.**

Hy Cite agrees with the facts and arguments set forth in the Brief of the United States Defending the Constitutionality of 35 U.S.C. § 292, Section C. For the reasons set

---

[1] Moreover, as a competitor and purchaser of Regal Ware in the cookware industry, Hy Cite has suffered and plead concrete and particularized actual injury. (Compl. ¶¶ 10-20; 34-43.) Accordingly, as alleged in the Complaint, Hy Cite, the Untied States and the public were injured by Regal Ware's false patent marking and Hy Cite has standing under Article III.

forth in Hy Cite's Brief In Opposition to Defendants' Motion to Dismiss and the Brief of the United States Defending the Constitutionality of Section 292, the *qui tam* mechanism in Section 292 does not violate the Take Care Clause or Appointments Clause of Article II.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss must be denied in its entirety.

Dated this 20th day of September, 2010.

                **MICHAEL BEST & FRIEDRICH LLP**

                By:   /s/ John C. Scheller
                     John C. Scheller, SBN 1031247
                     Amy O. Bruchs, SBN 1021530
                     Michelle L. Dama, SBN 1041809
                     One South Pinckney Street, Suite 700
                     Madison, WI 53703
                     Telephone: (608) 257-3501
                     Fax: (608) 283-2275
                     Email:   mldama@michaelbest.com
                                  jcscheller@michaelbest.com
                                  aobruchs@michaelbest.com

                     *Attorneys for Plaintiff Hy Cite Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 20, 2010, I caused true and correct copies of RESPONSE IN SUPPORT OF THE BRIEF OF THE UNITED STATES DEFENDING THE CONSTITUTIONALITY OF 35 U.S.C. § 292 to be served on the following via the ECF System, which is available for viewing and downloading from the ECF System, and all counsel of record were electronically notified and served through the ECF System.

                                                      /s/ John C. Scheller
                                                         John C. Scheller