IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HY CITE CORPORATION,

    Plaintiff,

v.

REGAL WARE, INC. and
SALADMASTER, INC.

    Defendants.

Case No. 10-CV-168

**JURY TRIAL DEMANDED**

**MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, Hy Cite Corporation, by its undersigned counsel, respectfully moves for leave to file the attached Second Amended Complaint, as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. Hy Cite filed its Complaint in this matter on March 29, 2010.

2. Regal Ware did not answer the Complaint, but filed Motions to Stay and Dismiss on April 20, 2010. (*See* Dkt. Nos. 7, 8.) Regal Ware has never answered the Complaint or Hy Cite's First Amended Complaint.

3. In its Motion to Dismiss, Regal Ware urged that the Complaint is deficient as to SaladMaster, a subsidiary of Regal Ware, as it has been dissolved. Hy Cite's claims against SaladMaster still exist, but are properly stated against the parent company, Regal Ware. Regal Ware raised other alleged deficiencies in the Complaint.

4. While Hy Cite contests Regal Ware's arguments (*see* Hy Cite's Opposition to Motion to Dismiss), on May 11, 2010 Hy Cite filed a Motion for Leave to Amend the Complaint and a proposed Amended Complaint intended to address all of Regal

Ware's arguments relating to any alleged deficient pleading. (Dkt. No. 22.)

5. On May 19, 2010, the Court issued an Order denying Regal Ware's Motion to Stay. (Dkt. No. 27.)

6. On May 21, 2009, Regal Ware filed a Motion in Opposition to Hy Cite's Motion for Leave to Amend, alleging that such motion would be futile for the reasons set forth in Regal Ware's Motion to Dismiss. (Dkt. No. 29.)

7. The Court has yet to rule on Regal Ware's Motion to Dismiss or Hy Cite's Motion for Leave to Amend. As a result, Hy Cite's proposed Second Amended Complaint incorporates the amendments proposed in the First Amended Complaint.

8. Hy Cite seeks to amend its First Amended Complaint to address two items: (1) allegations relating to the '733 Handle Patent and (2) a claim for punitive damages.[1] The first item is to partially address Regal Ware's motion to strike and fully assuage its concerns regarding a compulsory counterclaim on the '733 Handle Patent. The second item relates to a request for punitive damages in light of recent discovery in this case and to more closely align Hy Cite's pleading to the evidence.

9. Discovery in this case is ongoing, and pursuant to this Court's Preliminary Pretrial Conference Order, discovery is to continue through May 13, 2011.

10. Attached hereto as Exhibit A is Plaintiff's Second Amended Complaint. Attached hereto as Exhibit B is a redline copy showing the changes made to the original Complaint. Attached hereto as Exhibit C is a redline copy showing the changes made to

---

[1] Hy Cite's Second Amended Complaint also incorporates certain cosmetic changes that in no way affect the parties or substances of Hy Cite's claims, e.g. uniformly changing the term "Hy Cite" to "Plaintiff."

2

the First Amended Complaint. Attached hereto as Exhibit D are the exhibits identified in Plaintiff's Second Amended Complaint.

**BRIEF LEGAL BASIS FOR MOTION**

11. Rule 15(a) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The spirit of the rule is "tolerant toward amendments" and "evinces a bias in favor of granting leave to amend." *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993); *see also Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977) (recognizing a "liberal policy" toward amendments "so that cases may be decided on the merits and not on the basis of technicalities.") Thus, the district court must have a "substantial reason" for denying a motion for leave to file amended pleadings. *Select Creations*, 830 F. Supp. at 1216.

12. According to the United States Supreme Court, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Hy Cite meets these standards for several reasons.

13. Hy Cite's Second Amended Complaint seeks to remove certain factual allegations related to U.S. Patent Number 6,260,733 (the "'733 Handle Patent") (paragraphs 47-49 of original Complaint). The removal of these allegations in no way

3

prejudices Regal Ware in defending this case and are made to accommodate Regal Ware's concerns about those allegations. In its Motion to Dismiss, Regal Ware sought the removal of these allegations as immaterial. (Dkt. No. 7 at 33.) Further, Regal Ware's counsel has informed Hy Cite's counsel that mention of the '733 Handle Patent in Hy Cite's Complaint mandates compulsory counterclaims it believes it may have against Hy Cite relating to alleged infringement of the '733 Handle Patent. Hy Cite disagrees with Regal Ware's interpretation of these facts (and disagrees that Hy Cite's references to the '733 Handle Patent require assertion of a counterclaim on that patent), Hy Cite nevertheless is offering to remove any question regarding a compulsory counterclaim by removing its allegations relating to the '733 Handle Patent. (Within the past month, Hy Cite has offered to waive any defense of a compulsory counterclaim in a subsequent lawsuit, but Regal Ware has not responded to that offer. In order to resolve this issue, Hy Cite is seeking this amendment.) Therefore, leave to amend should be granted.

14. Hy Cite has not engaged in undue delay, bad faith or other dilatory conduct. A finding of undue delay is improper where the basis for the amendment was not discovered until discovery and a timely motion for leave was filed upon its revelation. *See Brower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992) (finding no undue delay because plaintiff did not discover on which its amendment was based until late in discovery).

15. Hy Cite's original Complaint put Regal Ware on notice that it falsely marked thousands of round-based salad cutters with the '774 Round-Based Patent under 35 U.S.C. § 292 and similarly that its conduct constituted unfair competition

4

under common law and the Lanham Act. The proposed amendments relating to punitive damages comport with Hy Cite's original claims and are necessitated by facts recently learned through discovery.

16. Hy Cite recently discovered facts that demonstrate willful and malicious conduct by Regal Ware in support of punitive damages. Specifically, Hy Cite has learned that Regal Ware, directly or through its agents, in furtherance of its false marking scheme, committed inequitable conduct before the PTO to expand its patent monopoly and threatened both Hy Cite and another company with allegations of patent infringement it *knew* were false. Additionally, Regal Ware has recently produced additional documents including documents under the attorney-client privilege which confirm its intent. Hy Cite discovered facts during the deposition of John Tan on October 28, 2010 and during subsequent depositions of Thomas Hoffman, Michael Reichert and Daniel Johnson on November 15, 17 and 18, respectively.

17. Hy Cite has already alleged that the false marking was intentional and in bad faith. The new evidence suggests a pattern of malicious conduct, sufficient to support a claim for punitive damages. Accordingly, Hy Cite has not delayed, unreasonably or otherwise, its amendments as these facts were discovered in the past few weeks.

18. Regal Ware will not suffer any prejudice if Hy Cite is allowed to amend its complaint. The burden to establish prejudice is on the non-movant who must show "that it will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it could have offered had the amendment been timely." *Select Creations,*

5

*Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1217 (E.D. Wis. 1993). Typically, prejudice arises once a proposed amendment either changes the character of the action, adds new counts or new parties, or requires additional discovery. *Id.* at 1217-18. Here, as shown in Hy Cite's Second Amended Complaint, the proposed amendments do not change the character of the action and neither add new parties, causes of action or require additional discovery. Rather, Hy Cite's proposed amendments merely conform the Complaint to the evidence that has already been adduced and addressed by both parties in fact discovery. Moreover, this case is in its early stages and discovery does not close until May 13, 2011, Regal Ware will have sufficient time for discovery and to present evidence at trial to rebut allegations against it. Indeed, Regal Ware has yet to take a single deposition in this matter and yesterday, cancelled numerous depositions that were scheduled of Hy Cite employees. Regal Ware asked to postpone those depositions of Hy Cite employees until late January or early February. Thus, Regal Ware will have ample time to fully address Hy Cite's proposed amendments and cannot claim any prejudice.

19.    Finally, the proposed amendments to the Complaint simply serve to conform the Complaint to the evidence adduced during discovery by removing three factual allegations related to the '733 Handle Patent and requesting additional relief for Regal Ware's wrongful conduct. Punitive damages are available for Wisconsin common law claims of unfair competition were there are allegations of bad faith and maliciously toward the plaintiff or with an intentional disregard of the rights of the plaintiff. *See Rhein Bldg. Co. v. Gehrt,* 21 F. Supp. 2d 896; Wis. Stat. 895.043. Therefore, as

6

the proposed amendments sufficiently plead the supporting causes of action, they are not futile.

**WHEREFORE**, for all the reasons set forth above, Plaintiff respectfully requests that this Court enter an Order granting Plaintiff leave to file its Second Amended Complaint.

Dated this 2nd day of December, 2010.

**MICHAEL BEST & FRIEDRICH LLP**

By: ⎯⎯/s/ John C. Scheller⎯⎯⎯⎯⎯⎯⎯⎯⎯
John C. Scheller, SBN 1031247
Amy O. Bruchs, SBN 1021530
Michelle L. Dama, SBN 1041809
One South Pinckney Street, Suite 700
Madison, WI 53703
Telephone: (608) 257-3501
Fax: (608) 283-2275
Email: jcscheller@michaelbest.com
aobruchs@michaelbest.com
mldama@michaelbest.com

John A. Busch, SBN 1016970
100 E. Wisconsin Avenue, Ste. 3300
Milwaukee, WI 53202
Telephone: (414) 225-4977
Fax: (414) 277-0656
jabusch@michaelbest.com

*Attorneys for Plaintiff Hy Cite Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2010, I caused true and correct copies of the foregoing Motion for Leave to File Second Amended Complaint to be served through the Court's ECF System:

W. David Shenk
Eugenia G. Carter
Whyte Hirschboeck Dudek S.C.
33 E. Main St., Ste. 300
Madison, WI 53703-3300

Megan McDermott
Assistant United States Attorney
660 West Washington Avenue, Suite 303
P.O. Box 1585
Madison, WI 53701-1585

Heidi L. Vogt, Esq.
Jason R. Fathallah
von Briesen & Roper, S.C.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202

/s/ John C. Scheller

047186-0071\7823284.3

8