IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HY CITE CORPORATION,

                        Plaintiff,                    OPINION AND ORDER

v.

                                                      10-cv-168-wmc

REGAL WARE, INC.,

                        Defendant.

---

Before the court are the parties' motions in limine. Last Thursday, June 9th, the final pre-trial conference was held in which the court ruled on the parties motions in limine for purposes of the liability trial to the jury, though ultimately reserving on plaintiff Hy Cite's motion in limine 2 and Regal Ware's motion in limine 9.[1] In light of the court's recently released rulings on the parties' motions for summary judgment (dkts. ##350 & 356)--leaving only plaintiff's claim for false patent markings at issue for trial--many of the parties motions in limine were granted because the evidence sought to be excluded is now of no or dubious relevance.[2] Consistent with it rulings in open court, the court memorializes in this opinion the additional reasons for its rulings below. Finally, in light of the parties' agreement, Hy Cite's motion in limine 2 and Regal Ware's motion in limine 9 are deemed withdrawn.

---

[1] With respect to damages, which is an issue for the court to decide, some of these rulings may have to be revised if the parties can persuade as much.

[2] Under Fed. R. Evid. 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is *of consequence* to the determination of the action more probable or less probable than it would be without the evidence." (Emphasis added.)

A. **Hy Cite's Motions in Limine**

    1. <u>Exclude the Testimony of Regal Ware's Expert Witness Jeffery Cordray</u>

Hy Cite's withdrew this first motion in limine.[3]

    3.[4] <u>Exclude All Evidence Related to Regal Ware Damages Pursuant to its Tortious Interference Counterclaim</u>

Since Hy Cite was granted summary judgment on Regal Ware's tortious interference counterclaim, Hy Cite's motion to exclude such evidence will be granted.

    4. <u>Exclude All Evidence Related to Current Saladmaster Distributors Not Timely Disclosed Regarding Regal Ware's Counterclaim for Tortious Interference</u>

Hy Cite's fourth motion in limine will be granted because Regal Ware's counterclaim for tortuous interference is no longer at issue.

    5. <u>Prohibit Regal Ware from Introducing Any Evidence Regarding Any Potential Claim Relating to the '733 Patent</u>

Regal Ware was denied leave to amend its answer to bring a counterclaim for infringement of its '733 patent. Thus, whether any of Hy Cite's products infringe the '733 patent is irrelevant to the remaining claim in this case -- whether Regal Ware falsely

---

[3] Regardless, because the claims Cordray would have testified about are no longer at issue, his testimony is irrelevant and would not have been admitted for trial.

[4] This is not a mis-numbering. The court will address Hy Cite's motion in limine 2 along with Regal Ware's motion in limine 9 together at the end of this opinion.

marked its round base salad cutters with the '774 patent. Hy Cite's motion to prohibit submission of this evidence will be granted.

### 6. Exclude All References to Any Potential Double Recovery by Hy Cite

Because Hy Cite can only recover damages on its false markings claim, there is no chance it can obtain any double recovery. Accordingly, reference to any double recovery is irrelevant and Hy Cite's motion to exclude this topic will be granted.

### 7. Exclude Evidence Relating to the Alleged Breach of the 2009 Supply Agreement Between Regal Ware and Hy Cite

There is no breach of contract claim in this case. Whether Hy Cite breached a 2009 Supply Agreement with Regal Ware is irrelevant to the false patent marking claim at issue. Therefore, Hy Cite's motion in limine to exclude evidence about any such breach will be granted.

## B. Regal Ware's Motions in Limine

### 1. Exclude Any Evidence or Testimony Relating to Hy Cite's Alleged Failed Dealer Recruitment Efforts

Whether Hy Cite allegedly had difficulties recruiting dealers appears relevant only to damages resulting from defamation or product disparagement. Because Regal Ware was granted summary judgment on both those claims, evidence of failed recruiting efforts is no longer relevant. Regal Ware's motion in limine to exclude such evidence will, therefore, be granted.

    2.    <u>Exclude Any Evidence of Hy Cite's Lost or Cancelled NutraEase Orders</u>

As with the evidence about alleged difficulties recruiting dealers, evidence about lost or cancelled orders for Hy Cite's NutraEase cookware is no longer relevant in light of the court's summary judgment rulings. In other words, whether any orders were lost is irrelevant to whether Regal Ware falsely marked its round base salad cutters with the '774 patent. Accordingly, Regal Ware's second motion in limine will be granted.

    3.    <u>Exclude Any Testimony or Argument by Hy Cite that the Statements in the Keith Peterson Memorandum are False or Damaging to Hy Cite</u>

In granting Regal Ware's summary judgment on Hy Cite's defamation claim the court found that Peterson's statements in his memorandum were substantially true and, therefore, not defamatory. With the defamation claim removed from the case, Peterson's memorandum is irrelevant to the remaining false patent marking claim. Regal Ware's third motion in limine will be granted.

    4.    <u>Exclude Any References by Hy Cite as to its Products Being a "Knock Off," "Cheap Imitation," "Fake," or Any Similar Reference</u>

Regal Ware contends that any statements its employees made about Hy Cite's products being knock offs are irrelevant, hearsay and substantially prejudicial. Regal Ware is mistaken on all three counts. First, such statements are relevant to Regal Ware's motive to falsely mark its round base salad cutters. Put simply, if Regal Ware feared competition from knock offs or cheap imitations because consumers could purchase

4

similar products at a cheaper price, then the jury could, though it need not, infer that Regal Ware had a motive to deceive the public to prevent competition from such knock off products. Second, if, as Regal Ware notes, the statements were initially made by Regal Ware or its employees or agents, then they are admissions by a party opponent and not inadmissible hearsay. *See* Fed. R. Evid. 801(d)(2). Finally, with respect to prejudice, the relevance of such statements to proving Regal Ware's intent to deceive, which is the central issue for the jury to decide, outweighs any alleged prejudice Regal Ware may suffer. Evidence that Regal Ware referred to Hy Cite's products as "knock offs" or any similar references is admissible and Regal Ware's motion to exclude such evidence will be denied.

     5.    <u>Exclude Any Evidence or Testimony Regarding "Dirty Steel," "Chinese Steel," or Any Other Alleged "Impurities" with Regard to Hy Cite's Products</u>

Unlike Regal Ware's "knock off" statements, its statements about the quality of Hy Cite's products are not relevant to whether Regal Ware engaged in false patent marking. Such statements are relevant to the claims no longer at issue in this case, such as Hy Cite's defamation claim. Because such statements are no longer relevant, Regal Ware's motion to exclude them will be granted.

     6.    <u>Exclude Any Evidence or Testimony Relating to Hy Cite's Alleged "General Inquiries" Regarding its NutraEase Product Line</u>

Evidence that Regal Ware dealers who contacted Hy Cite about its Nutraease product line often inquired about the quality of steel used to manufacture the product

5

line may have been relevant to established damage to Hy Cite's reputation in proving its defamation claim. That claim, however, is no longer at issue. Accordingly, evidence about such general inquiries is irrelevant and Regal Ware's motion to exclude that evidence will be granted.

      7.      <u>Exclude All Evidence of Regal Ware's Recruitment Activities in South America and Mexico and the Recruitment of Blanco, Laviscount and Sabino</u>

Evidence about Regal Ware's recruitment of several people in South American and Mexico, by the parties own admissions, was relevant only to Hy Cites' declaratory judgment claim and Regal Ware's counterclaim for tortious interference. Those claims having been resolved on summary judgment, the evidence is no longer relevant and will be excluded.

      8.      <u>Exclude Any Reference to the Civil Fine for False Patent Marking Under 35 U.S.C. § 292</u>

Hy Cite agrees with Regal Ware that mention of the civil fine would be inappropriate. Accordingly, the motion will be granted as unopposed.

      10.      <u>Prohibit Hy Cite from Drawing an Adverse Inference from the Absence at Trial of John Tan</u>

Hy Cite contends that the jury should be instructed that it can draw an adverse inference in light Regal Ware's failure to call Tan as a witness at trial. The Seventh Circuit does recognize a "missing-witness" rule that permits such an adverse inference.

6

*See Oxman v. WLS-TV*, 12 F.3d 652, 661 (7th Cir. 1993). "Before a party can argue to the trier of fact that an adverse inference should be drawn from another party's failure to call a witness, the complaining party must establish that the missing witness was peculiarly in the power of the other party to produce." *Id.*

Even assuming Hy Cite could prove that Tan was peculiarly in Regal Ware's power to produce, "such a negative inference may not be drawn where the unpresented testimony would be merely cumulative." *United States v. Warwick*, 695 F.2d 1063, 1069 (7th Cir. 1982). Here, Hy Cite has failed to show what information beyond what Tan provided through his deposition would be presented at trial if he were present to testify in court. In *Warwick*, the Seventh Circuit noted that the district court did not err in refusing to draw an adverse interest even though the witness could have been produced by defendant because "in view of Dixon's previous answers at *deposition* to the precise 'notice' question at issue, it is doubtful that additional light would have been shed by a continuation of this line of inquiry with the same witness." 695 F.2d at 1069 (emphasis added).

Hy Cite has failed to provide examples of any relevant line of questioning of Tan that did not occur at his deposition. In fact, in its response to Regal Ware's motion in limine, although Hy Cite provides several paragraphs of facts about why Tan's testimony would be relevant in general, it appears all the relevant facts can be found in his deposition testimony. (*See, e.g.*, Pl.'s Br. in Opp'n (dkt. #322) at 5 ("Tan testified that he was never told by anyone at Regal Ware not to mark the round base unit.").) Therefore, despite Tan's absence at trial, Hy Cite has failed to establish that his

testimony would be anything more than cumulative of his deposition testimony. Regal Ware's motion will, therefore, be granted.

11. <u>Exclude All Evidence of Discovery Procedures and Disputes Between the Parties</u>

The discovery disputes of the parties are irrelevant to whether Regal Ware falsely marked its round base salad cutters with the '774 patent. Hy Cite has failed to persuade otherwise. Accordingly, all evidence regarding the parties' discovery procedures and disputes will be excluded.

**C. Hy Cite's Motion in Limine 2 and Regal Ware's Motion in Limine 9**

On the morning of trial the parties informed the court that they had agreed to withdraw Hy Cite's motion in limine 2 and Regal Ware's motion in limine 9. Accordingly, those motions in limine are deemed withdrawn.

ORDER

IT IS ORDERED that:

(1) Plaintiff Hy Cite's motions in limine one and three through seven (dkts. ##253, 257, 259, 261, 263 and 265) are GRANTED.

(2) Defendant Regal Ware's omnibus motion in limine (dkt. #273) is DENIED with respect to motion number four but GRANTED with respect to motions one through three, five through eight, ten and eleven.

(3) Plaintiff's motion in limine two (dkt. #253) and defendant's motion in limine nine are deemed withdrawn.

Entered this 13th day of June, 2011.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge