IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SENTRY INSURANCE A MUTUAL COMPANY,

|  |  |  |
|---|---|---|
| | Intervener Plaintiff, | OPINION AND ORDER |
| v. | | |
| | | 10-cv-168-wmc |
| REGAL WARE, INC. | | |
| | Defendant. | |

Pursuant to the terms of its insurance policy, plaintiff Sentry Insurance a Mutual Company ("Sentry") undertook the legal defense for its insured, defendants Regal Ware, Inc. and SaladMaster, Inc., in the above-captioned lawsuit. The Sentry insurance policy covered only two of the six claims brought against the defendants, but Sentry paid for the entire cost of the defense until the two covered claims were dismissed. On an unjust enrichment theory, Sentry now seeks to recover the portion of its defense costs attributable to non-covered claims. The court will dismiss Sentry's claim without prejudice for the reasons explained below.

## BACKGROUND

On November 23, 2010, the court granted Sentry's unopposed motion to intervene in the underlying lawsuit between Hy Cite, Inc. and defendants Regal Ware and SaladMaster. (Dkt. #69.) Sentry subsequently filed a complaint seeking a declaration (1) that Sentry had no obligation to defend its insureds against the claims asserted by Hy Cite, and (2) that if Sentry had an obligation to defend as to some claims,

it was entitled to restitution of any amount paid to defend claims not covered by the Sentry insurance policy.  (Dkt. #67-1.)

On June 8, 2011, in response to Sentry's motion for summary judgment, the court found that Sentry had a duty to defend claims III and IV of the lawsuit.  (Dkt. #357.) The court did not, however, address whether Sentry was entitled to reimbursement of the portion of the defense costs attributable to claims outside the scope of the policy.  The court suggested that Wisconsin law may give Sentry this right, but declined to decide the issue because Sentry had not made a formal demand for reimbursement at summary judgment, nor proposed a reasonable method for apportioning between covered and uncovered claims.

Sentry now brings a renewed motion for summary judgment, seeking reimbursement of the portion of its defense costs allocable to defense of claims I, II, V and VI.  For the purposes of this motion, the parties agree that these claims are not covered under the Sentry insurance policy, and that Sentry paid for the cost of defending these claims through summary judgment in conjunction with its defense of covered claims III and IV.

**OPINION**

Under Wisconsin law, the elements of unjust enrichment are "(1) a benefit conferred upon the defendant by the plaintiff, (2) knowledge or appreciation of the benefit by the defendant, and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him or her to retain it

without paying for its value." *Ludyjan v. Continental Cas. Co.*, 308 Wis. 2d 398, 405 (Wis. Ct. App. 2008).

### A. A Benefit Conferred Upon the Defendant by the Plaintiff

For purposes of unjust enrichment, one who aids another person by discharging an existing duty owed to that person has not conferred a "benefit." *See* Restatement (Third) of Restitution & Unjust Enrichment § 35(1) (allowing unjust enrichment if "one party to a contract demands from the other a performance that is *not in fact due by the terms of their agreement*"(emphasis added)). The parties' dispute centers on whether their insurance contract imposes a duty on Sentry to pay for the defense of Regal Ware's uncovered claims. If it does, Sentry has conferred no benefit and has no unjust enrichment claim.[1]

Wisconsin common law currently imposes a broad "duty to defend" on insurers "obligat[ing] [them] to defend the *entire* action if just one theory of liability appears to fall within the coverage of the policies." *School Dist. of Shorewood v. Wausau Ins. Co.*, 170 Wis. 2d 347, 366 (Wis. 1992) (emphasis added, adopting Illinois law), *overruled on other grounds by Johnson Controls, Inc. v. Emp'rs Ins. of Wausau*, 264 Wis. 2d 60, 88-91 (Wis. 2003). Consistent with *Shorewood*, Sentry concedes it had a duty to defend all of the claims against Regal Ware and Salad Master, but would have this court distinguish between a prospective duty to defend and a duty to pay for the defense of uncovered

---

[1]  The policy at issue appears to impose a duty to defend all claims asserted here. In particular, Sentry agreed to undertake a "duty to defend the insured against any 'suit' seeking . . . damages because of 'personal and advertising injury' to which this insurance applies." (Policy (dkt. #49-1) at 17.) Sentry also agreed to "pay . . . with respect to any . . . 'suit' against an insured we defend . . . *all expenses we incur*." (*Id.* at 21 (emphasis added).) "Suit" is defined as "a civil proceeding in which damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." (Policy (dkt. #49-1) at 27.)

claims after the fact.  In other words, Sentry asks this court to recognize an as-yet-unarticulated exception to current law on the duty to defend in Wisconsin, allowing reimbursement of uncovered claims after the duty to defend has been discharged.

As the Wisconsin Supreme Court has never considered whether to adopt such a rule, it falls to this court to determine what that court would decide.  *Am. Motorists Ins. Co. v. Trane Co.*, 544 F. Supp. 669, 689 (W.D. Wis. 1982) ("Where state law on a subject is silent, a federal court sitting in diversity can only use its best judgment to determine what the state supreme court would have held in the case.").  Sentry's argument draws support from the fact that its proposed rule is the "general rule favored by most jurisdictions."[2]  *SL Indus., Inc. v. Am. Motorists Ins. Co.*, 128 N.J. 188, 215 (N.J. 1992).  *See also Buss v. Superior Court of Los Angeles Cnty*, 16 Cal. 4th 35, 50-51 (Cal. 1997); *E.E.O.C. v. S. Pub. Co., Inc.*, 894 F.2d 785, 791 (5th Cir. 1990) (Mississippi law); *Jostens, Inc. v. CNA Ins./Cont'l Cas. Co.*, 403 N.W.2d 625, 631 (Minn. 1987), *overruled on other grounds by N. States Power Co. v. Fidelity and Cas. Co. of N.Y.*, 523 N.W.2d 657 (Minn. 1994); *Burlington Drug Co., Inc. v. Royal Globe Ins. Co.*, 616 F. Supp. 481, 483 (D.C. Vt. 1985) (Vermont law); *Crist v. Ins. Co. of N. Am.*, 529 F. Supp. 601, 605 (D.C. Utah 1982) (Utah law); *Timberline Equip. Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 281

---

[2]  The rule Sentry proposes is the right to reimbursement of the cost of defending claims not covered in a "mixed" action of covered and uncovered claims.  Sentry is *not* seeking reimbursement after issuing a reservation of rights, providing a defense to arguably-covered claims and subsequently obtaining a declaratory judgment that the claims are not, in fact, covered.  Many courts (and, indeed, the litigants in this action) have mistakenly conflated these two situations under the broad category of an insurer's right to reimbursement of defense costs.  This common mistake has contributed to confusion in the law.

Or. 639, 645 (1978).[3]  A minority of states hold that the costs of defending uncovered claims in "mixed" cases cannot be recovered.  *See, e.g.*, *Shoshone First Bank v. Pac. Empl. Ins. Co.*, 2 P.3d 510, 514 (Wyo. 2000); *Bedoya v. Ill. Founders Ins. Co.*, 293 Ill. App. 3d 668, 674-75 (Ill. Ct. App. 1997), *appeal denied by* 177 Ill. 2d 567 (Ill. 1998).

The Seventh Circuit has interpreted Wisconsin law to favor reimbursement, albeit in dicta and with the caveat that reimbursement would only be appropriate for "defense costs that are *readily* apportionable between the covered and the uncovered claims." *Lockwood Int'l v. Volm Bag Co., Inc.*, 273 F.3d 741, 743 (7th Cir. 2001) (emphasis original).  In *Lockwood*, Judge Posner reasoned that because Wisconsin's broad "duty to defend" rule was created in recognition of the "difficulty of apportioning defense costs," an exception would be appropriate when apportionment is convenient.  The court agrees with this reasoning in the abstract, though it is founded on unsupported assumptions about the policies animating Wisconsin's duty to defend rule.  However logical the suggested approach, and the generally-adopted approach in other states, missing from *Lockwood* is evidence that the difficulty of apportioning defense costs was a reason, let alone *the* reason for the Wisconsin Supreme Court's decision.[4]

---

[3]  Plaintiff suggests that this majority rule has been adopted in Restatement (Third) of Restitution § 35.  However, plaintiff does not identify the specific language that purportedly embodies the rule, and the court's own reading turns up nothing.  The Restatement *does* allow for claims for restitution of benefits that were not already owed under an existing contract, but whether a duty is owed under the parties' contract is precisely the question at issue here.

[4]  Plaintiff also relies on a federal case from the Eastern District of Wisconsin, *Krueger International, Inc. v. Federal Insurance Co.*, 637 F. Supp. 2d 604, 620 (E.D. Wis. 2008), for the policy argument that it is sensible to provide for a right to reimbursement because it "encourages insurers to provide a defense, which expedites litigation and aids insureds, rather than opting to refuse coverage at the outset." *Id.* at 624.  This policy may be

*Lockwood* cites a Wisconsin Court of Appeals case, *Grube v. Daun* 173 Wis. 2d 30 (Wis. Ct. App. 1992), for its "readily apportionable" theory, which in turn cites to a federal case from the Western District of Wisconsin, which cites cases from the Eighth and Ninth Circuits.  Even if the court were to accept *Grube* as the definitive expression of Wisconsin policy, the case identifies several additional justifications for the broad duty to defend, such as the desire to ensure "that the insured will have a coherent, coordinated defense aimed at defeating all of the claims, rather than separate defenses that might work at cross purposes" and the awareness that "insurance contracts are contracts of adhesion, allowing the insured little choice in adding, eliminating or writing standard provisions, such as the insurer's duty to defend."  *Grube*, 173 Wis. 2d at 73.

Moreover, when the Wisconsin Supreme Court adopted the broad duty to defend "mixed" claims, it borrowed from Illinois law.  *See School Dist. of Shorewood*, 170 Wis. 2d at 366 (Wis. 1992) (*citing Maneikis v. St. Paul Ins. Co. of Ill.*, 655 F.2d 818, 822 (7th Cir. 1981) (*citing Md. Cas. Co. v. Peppers*, 64 Ill. 2d 187 (Ill. 1976))).  Illinois courts have steadfastly refused to create a right to reimbursement.  *See Bedoya*, 293 Ill. App. 3d at 674-75; *JG Indus., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 218 Ill. App. 3d 1061, 1068 (Ill. Ct. App. 1991) (rejecting reimbursement argument).  Indeed, Illinois courts persist in doing so in the face of attempts by federal courts to assume a right of reimbursement into being.  *See Ins. Co. of N. Am. v. Forty-Eight Insulations, Inc.*, 633 F.2d 1212, 1224-25 (6th Cir. 1980) (interpreting lllinois law to create a right of reimbursement).

persuasive in cases of contested coverage, but appears beside the point in "mixed" actions such as this one.

The nearest the Wisconsin Supreme Court has come to deciding this issue is dicta found in *Mowry v. Badger State Mutual Casualty Company*, 129 Wis. 2d 496, 528-29 (1986). That case touched on a related question: whether, when the insurer provides a defense pending resolution of a contested coverage dispute and coverage is subsequently found lacking, it may pursue reimbursement for the defense costs already expended. The Wisconsin Supreme Court endorsed a practice of resolving the issue of coverage before turning to questions of liability and damages in the underlying action. *Id.* But it also recognized that if coverage cannot be determined beforehand, an insurer has no right to reimbursement for the costs of defending if arguably-covered claims eventually turn out not to be covered. *Id.* at 528-29. ("[A]n insurer may be required to furnish a free defense to its insured prior to the determination of coverage."). The *Mowry* decision is not directly comparable to a "mixed" claim case, but it at least hints that Wisconsin generally disfavors reimbursement after the fact.

Similarly, the Wisconsin Court of Appeals has also yet to address the question directly but has come closer than *Mowry*. In *Sauk County v. Employers Insurance of Wausau*, 202 Wis. 2d 433, 445-46 (Wis. Ct. App. 1996), the court suggested that when it comes to paying for attorneys' fees selectively after the case is over (which is similar to, if not the same as, paying the full fee and then requesting a reimbursement), "[p]artial payment of defense costs does not satisfy an insurer's duty to defend . . . an insurance company must defend the entire action when some of the allegations in the complaint fall within the policy coverage." *Id.* (emphasis added).

Finally, there is Sentry's policy argument: that refusing to allow reimbursement will frustrate the contractual expectations of the parties. *See Ins. Co. of N. Am. v. Forty-Eight Insulations, Inc.*, 633 F.2d 1212, 1224-25 (6th Cir. 1980) ("The insurer has not contracted to pay defense costs for occurrences which took place outside the policy . . . ."). This argument is also persuasive in the abstract, because a "court's goal in construing an insurance policy is to determine and carry out the intentions of the parties." *Siebert v. Wis. Am. Mut. Ins. Co.*, 333 Wis. 2d 546, 557-58 (Wis. 2011). But Sentry does not offer any evidence that it entered into the contract expecting to pay only for the cost of defending covered claims. Indeed, given the state of Wisconsin law, which is at best undecided on the issue, if Sentry had this expectation is was not a particularly reasonable one, especially in light of Wisconsin's broad duty to defend and the presumption that ambiguities in insurance policies will be construed in favor of insureds.[5] *Badger Mut. Ins. Co. v. Schmitz*, 255 Wis. 2d 61, 83 (2002). Moreover, there is no evidence that the parties attempted to contract around Wisconsin's default duty to defend rule. It seems likely, therefore, that a Wisconsin rule allowing for reimbursement would *defeat*, rather than the preserve, the parties' legitimate expectations.

## B.  Lack of Federal Jurisdiction

Earlier in the litigation, this court denied Regal Ware's motion to sever Sentry's unjust enrichment claim from the underlying case, and intentionally retained

---

[5]  Sentry claims that "no premium was received" for claims not covered by the insurance policy. However, it did accept a premium for the covered claims in light of current Wisconsin law, which carries with it a duty to defend covered and uncovered claims alike.

supplemental jurisdiction over the claim in the interests of judicial efficiency.  (*See* dkts. ##427, 428.)  Since that decision, the underlying claims have completely settled and the court, having attempted to determine how the Wisconsin Supreme Court would rule on the question of reimbursement, has found insufficient evidence to reach a definitive conclusion.  These new developments prompt the court to reconsider its exercise of supplemental jurisdiction.[6]

"Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."  *Sharp Elec. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514-15 (7th Cir. 2009).  The three recognized exceptions to this rule are when (1) "the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided."  *Id.* (internal quotations omitted).

Of these three potential exceptions, the only colorable argument in favor of retaining Sentry's unjust enrichment claim is the second -- the fact that this court has invested time and effort gaining some familiarity with the facts of the underlying case. However, the court cannot say that "substantial" judicial resources will be wasted if the issue is dismissed, since the disputed legal question of an insured's right to reimbursement for the cost of defending uncovered claims is distinct from the facts of the

---

[6]  If it were within this court's power, the issue would be certified to the Wisconsin Supreme Court for a definitive decision, but it is not.  *See* Wis. Stat. § 821.01.

underlying lawsuit between Hy Cite and Regal Ware.  The apportionment of defense expenses between covered and uncovered claims, should it be necessary, does not require a particularly comprehensive understanding of the underlying suit.   Moreover, a definitive ruling on what is severable, as well as the larger legal issue, will ultimately be more fair to both parties.  Finally, there are long-term efficiencies to be had by asking Wisconsin courts to decide this important issue of state law now, rather than later. The court, therefore, will decline to exercise supplemental jurisdiction over Sentry's state law unjust enrichment claim and will dismiss this remaining claim.

ORDER

IT IS ORDERED that intervener plaintiff Sentry Insurance Company's complaint for restitution is DISMISSED without prejudice for lack of jurisdiction and that this case be closed.

Entered this 30th day of March, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge